Li-Mo Realty Corporation, Landlord, v. " John " Davis, Tenant.

Municipal Court of New York, Borough of Brooklyn, Fourth District, June 1, 1938.

*Joseph H. Ginsberg*, for the landlord.

*Hainick & Lippert* [*Henry W. Hainick* of counsel], for the tenant.

STRAHL, J. This is a hold-over summary proceeding in which the landlord seeks a final order to recover possession of a certain apartment in its building 104 Dumont avenue, in the Brownsville section of Brooklyn. The tenant pays thirty-two dollars rent a month for this top floor, rear apartment, which has not been painted or repaired for three years.

The tenant sets up as a defense section 1436-a of the Civil Practice Act, and showed that he is unable to move because he cannot within the neighborhood secure suitable premises similar to his apartment and that he made due and reasonable efforts to secure same.

The available dwelling space in low-rent apartments in the city of New York is being rapidly absorbed, creating a dwelling crisis which was developed by families who lived together in one apartment " undoubling," and by marriages and birth rates rising, and also by many old-time tenements being vacated, demolished or boarded up by owners rather than comply with the Multiple Dwelling Law requirements, thereby eliminating many old-law tenements from the rentable field. (Report of the New York City Housing Authority, January 25, 1937.)

Vacancies rapidly disappear and this critical shortage which affects mostly low-income tenants who are the most helpless group of individuals developed with startling rapidity in Brownsville where, according to the " City of New York Vacancy and Rent Survey as of January, 1938," only 327 vacancies existed in 34,170 apartments. In general only the undesirable apartments remain vacant, and such vacancies appear to be almost entirely confined to the least habitable dwellings concentrated on the upper floors.

I am satisfied that there is an emergency housing shortage in low-rent apartments in the city of New York, and I take judicial notice thereof.

Under existing lack of housing conditions which have steadily gathered momentum, sudden large-scale evictions of families would reflect a broader and deeper crisis and possibly endanger life and health. Extreme hardship would be occasioned to this tenant and his family if I did not stay the issuance of a warrant of dispossess, so I grant the tenant a stay of six months, during which period he cannot be removed on condition that he deposits in court within five days from the date hereof the rent now due and costs and thereafter deposits in court the current monthly rent, at the same rate, within five days from its due date each and every month during the six months' stay period.